| | | | | |
|---|---|---|---|---|
| Debtor 1 | **Sherree Anntoniette Thomas** | | ☒ | Check if this is a modified plan, and list below the sections of the plan that have been changed. |
| | First Name  Middle Name  Last Name | | | |
| Debtor 2 | | | | |
| (Spouse, if filing) | First Name  Middle Name  Last Name | | ☒ | Pre-confirmation modification |
| United States Bankruptcy Court for the: | **DISTRICT OF SOUTH CAROLINA** | | ☐ | Post-confirmation modification |
| Case number: | **20-01332** | | | 3.1; 3.3; 3.5 |
| (If known) | | | | |

District of South Carolina
# Chapter 13 Plan                                                                                                      5/19

### Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a timely objection to confirmation. **To determine the deadline to object to this plan, you must consult the Notice of Bankruptcy Case or applicable Notice/Motion served with this plan.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☒ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☒ Included | ☐ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☒ Included | ☐ Not Included |
| 1.4 | Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8 | ☒ Included | ☐ Not Included |

### Part 2: Plan Payments and Length of Plan

**2.1** The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

**$4,195.00** per **Month** for **60** months

*Insert additional lines if needed.*

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court.

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

| Debtor | **Sherree Anntoniette Thomas** | Case number | **20-01332** |
|---|---|---|---|

**2.2 Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply:*
- ☐ The debtor will make payments pursuant to a payroll deduction order.
- ☒ The debtor will make payments directly to the trustee.
- ☐ Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*
- ☒ The debtor will retain any income tax refunds received during the plan term.
- ☐ The debtor will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*
- ☒ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

**Part 3: Treatment of Secured Claims**

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1 Maintenance of payments and cure or waiver of default, if any.**

*Check all that apply. Only relevant sections need to be reproduced.*

- ☐ None. If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

- ☐ **3.1(b)** The debtor is in default and will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. The arrearage payments will be disbursed by the trustee, with interest, if any, at the rate stated. The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court.

- ☒ **3.1(c)** The debtor elects to make post-petition mortgage payments to the trustee for payment through the Chapter 13 Plan in accordance with the Operating Order of the Judge assigned to this case and as provided in Section 8.1. In the event of a conflict between this document and the Operating Order, the terms of the Operating Order control.

- ☐ **3.1(d)** The debtor proposes to engage in loss mitigation efforts with _____ according to the applicable guidelines or procedures of the Judge assigned to this case. Refer to section 8.1 for any nonstandard provisions, if applicable.

- ☐ **3.1(e) Other.** A secured claim is treated as set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a treatment is provided in Section 8.1.

*Insert additional claims as needed*

**3.2 Request for valuation of security and modification of undersecured claims.** *Check one.*

- ☐ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.
  ***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Debtor | **Sherree Anntoniette Thomas** | | | Case number | **20-01332** | | |

☒ The debtor requests that the Court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor states that the value of the secured claim should be as set out in the column headed *Estimated amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the Court after motion or claims objection filed after the governmental unit files its proof of claim or after the time for filing one has expired, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5.1 of this plan. If the estimated amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5.1 of this plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

Unless 11 U.S.C. § 1325(a)(5)(A) or (C) applies, holders of secured claims shall retain liens to the extent provided by section 1325(a)(5)(B)(i). Unless there is a non-filing co-debtor who continues to owe an obligation secured by the lien, any secured creditor paid the allowed secured claim provided for by this plan shall release its liens at the earliest of the time required by applicable state law, order of this Court, or thirty (30) days from the entry of the discharge.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Estimated amount of secured claim | Interest rate | Estimated monthly payment to creditor (disbursed by the trustee) |
|---|---|---|---|---|---|---|---|
| KIMBRELLS | $1,607.07 | HOUSEHOLD GOODS-FURNITURE | $100.00 | $0.00 | $100.00 | 5.75% | $5.00 (or more) |

*Insert additional claims as needed.*

**3.3 Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.**

*Check one.*

☐ **None**. If "None" is checked, the rest of § 3.3 need not be completed or reproduced.
☒ The claims listed below are being paid in full without valuation or lien avoidance.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Unless there is a non-filing co-debtor who continues to owe an obligation secured by the lien, any secured creditor paid the allowed secured claim provided for by this plan shall satisfy its liens at the earliest of the time required by applicable state law, order of this Court, or upon completion of the payment of its allowed secured claim in this case.

| Name of Creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|
| AUTO MONEY TITLE LOAN | 2012 NISSAN MAXIMA | $2,765.87 | 5.75% | $54.00 (or more) |

Disbursed by:
☒ Trustee
☐ Debtor

District of South Carolina

| Debtor | **Sherree Anntoniette Thomas** | | Case number | **20-01332** | |
|---|---|---|---|---|---|
| **Name of Creditor** | **Collateral** | **Estimated amount of claim** | **Interest rate** | **Estimated monthly payment to creditor** | |
| **COLUMBIA AUTO CENTER** | **2010 FORD FOCUS** | $3,795.01 | 5.75% | $73.00 (or more) Disbursed by: ☒ Trustee ☐ Debtor | |
| **IRS** | **ALL REAL AND PERSONAL PROPERTY UNENCUMBERED BY LIENS** | $17,372.42 | 5.75% | $334.00 (or more) Disbursed by: ☒ Trustee ☐ Debtor | |
| **SC DEPT OF REVENUE** | **ALL REAL AND PERSONAL PROPERTY UNENCUMBERED BY LIENS** | $1,971.09 | 5.75% | $38.00 (or more) Disbursed by: ☒ Trustee ☐ Debtor | |

*Insert additional claims as needed.*

**3.4 Lien avoidance**.

*Check one.*

☐ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.
*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked*

☒ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the Court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5.1 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

*Choose the appropriate form for lien avoidance*

| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|
| | | | | | | |

| Debtor | **Sherree Anntoniette Thomas** | | | Case number | **20-01332** | | |
|---|---|---|---|---|---|---|---|
| HIGH SPEED CAPITAL DEBTORS RESIDENCE-7945 BURDELL DRIVE, COLUMBIA, SC 29209: 522(F) VOIDABLE | $31,528.83 | $147,523.19 | 54,875.00 S.C. Code Ann. § 15-41-30(A)(1)(a) | $140,000.00 | $0.00 | | 100% |

*Use this for avoidance of liens on co-owned property only.*

| Name of creditor and description of property securing lien | Total equity (value of debtor's property less senior/unavoidable liens) | Debtor's equity (Total equity multiplied by debtor's proportional interest in property) | Applicable Exemption and Code Section | Non-exempt equity (Debtor's equity less exemption) | Estimated lien | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

*Insert additional claims as needed.*

**3.5  Surrender of collateral.**

*Check one.*

☐ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.
☒ The debtor elects to surrender the collateral that secures the claim of the creditor listed below. The debtor requests that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. A copy of this plan must be served on all co-debtors. Any creditor who has filed a timely proof of claim may file an amended proof of claim itemizing the deficiency resulting from the disposition of the collateral within a reasonable time after the surrender of the property. Any such amended claim, if allowed, will be treated in Part 5.1 below.

| **Name of Creditor** | **Collateral** |
|---|---|
| **COLUMBIA AUTO CENTER** | **2009 FORD FOCUS** |
| **NCEP, LLC** | **2006 DODGE GRAND CARAVAN** |

*Insert additional claims as needed.*

## Part 4: Treatment of Fees and Priority Claims

**4.1  General**

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2  Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3  Attorney's fees.**

District of South Carolina

Effective May 1, 2019                                    Chapter 13 Plan                                    Page 5

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

| Debtor | **Sherree Anntoniette Thomas** | Case number | **20-01332** |
|---|---|---|---|

a. The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending pro se case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

b. If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**

The trustee shall pay all allowed pre-petition 11 U.S.C. § 507 priority claims, other than domestic support obligations treated below, on a *pro rata* basis. If funds are available, the trustee is authorized to pay any allowed priority claim without further amendment of the plan.

*Check box below if there is a Domestic Support Obligation*.

☐ **Domestic Support Claims**. 11 U.S.C. § 507(a)(1):

a. Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (state name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full. *Add additional creditors as needed.*

b. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

c. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
☒ **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

**Part 5:** **Treatment of Nonpriority Unsecured Claims**

**5.1 Nonpriority unsecured claims not separately classified.** *Check one*

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

☒ The debtor estimates payments of less than 100% of claims.
☐ The debtor proposes payment of 100% of claims.
☐ The debtor proposes payment of 100% of claims plus interest at the rate of %.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☒ **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

| Debtor | **Sherree Anntoniette Thomas** | Case number | **20-01332** |
|---|---|---|---|

**5.3** **Other separately classified nonpriority unsecured claims.** *Check one*.

  ☒ **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

| Part 6: | **Executory Contracts and Unexpired Leases** |
|---|---|

**6.1** **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

  ☒ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

| Part 7: | **Vesting of Property of the Estate** |
|---|---|

**7.1** **Property of the estate will vest in the debtor as stated below:**
*Check the applicable box:*

  ☒ Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

  ☐ **Other.** The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

| Part 8: | **Nonstandard Plan Provisions** |
|---|---|

**8.1** **Check "None" or List Nonstandard Plan Provisions**
  ☐ **None.** If "None" is checked, the rest of Part 8 need not be completed or reproduced.

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*

**NOTICE: The confirmation of this plan may determine the character (secured, unsecured or priority), amount and timing of distribution of creditor's claim regardless of proof of claim filed. If a creditor objects to a claim's treatment under the plan, the creditor must timely object to confirmation.**

**Statement in Support of Confirmation: Debtor understands the following: (1) The obligations set forth in the plan, including the amount, method and timing of payments made to the Trustee or directly to creditors; (2) The consequences of any default under the Plan; and (3) That debtor(s) may not agree to sell or sell property, employ professionals, incur debt (including modification of debt), or request or agree to mortgage modification or other loss mitigation during the pendency of the case without the advance authorization of the Bankruptcy Court.**

**8.1(a) Reservation of Rights: Confirmation of this plan does not bar a party in interest from any actions discovered from the documentation, or lack thereof, in a proof of claim. The debtor specifically reserves any currently undiscovered or future claims, rights or cause of action the debtor may have, regarding any issues not specifically addressed or determined by the plan, against any creditor or other party in interest including, but not limited to, violations of applicable consumer protections codes and actions under 11 U.S.C. §§ 542, 543, 544, 547 and 548.**

**8.1(b)** Mortgage payments, including pre-petition arrears, will be paid and cured by the Trustee as follows:

District of South Carolina

Effective May 1, 2019           Chapter 13 Plan           Page 7

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

| Debtor | **Sherree Anntoniette Thomas** | | Case number | **20-01332** | |
|---|---|---|---|---|---|

| Name of Creditor | Description of Collateral (note if principal residence; include county tax map number and complete street address) | Current installment payment (ongoing payment amount) * | Monthly payment to cure GAP ** (post-petition mortgage payments for the two (2) months immediately following the event beginning conduit) | Estimated amount of PRE-PETITION ARREARAGE** (including the month of filing or conversion)* | Monthly payment on pre-petition arrearage |
|---|---|---|---|---|---|
| **PLANET HOMELENDING** | **7945 BURDELL DRIVE, COLUMBIA SC 29209, RICHLAND COUNTY, TMS# (R19107-13-12)** | $582.87 Escrow for taxes: X Yes ☐ No Escrow for insurance: X Yes ☐ No | $20.00 Or more | $17,601.86 | $294.00 Or more |

* Unless otherwise ordered by the court, the amounts listed on a compliant proof of claim or a Notice filed under FRBP 3002(c) control over any contrary amounts above, and any Notice of Payment Change that might be filed to amend the ongoing monthly payment amount.

** The Gap will be calculated from the payment amounts reflected in the Official Form 410A Mortgage Proof of Claim Attachment and any Notice of Payment Change that might be filed to amend the monthly payment amount, but should not be included in the prepetition arrears amount.
**All payments due to the Mortgage Creditor as described in any allowed Notice of Post-petition Mortgage Fees, Expenses, and Charges under F.R.B.P. 3002.1, filed with the Court, will be paid by the Trustee, on a pro rata basis as funds are available.** See the Operating Order of the Judge assigned to this case.
Once the trustee has filed a Notice of Final Cure under F.R.B.P. 3002.1(f), the debtor shall be directly responsible for ongoing mortgage payments and any further post-petition fees and charges.

### Part 9: Signatures:

**9.1   Signatures of debtor and debtor attorney**

*The debtor and the attorney for the debtor, if any, must sign below.*

X **/s/ Sherree Anntoniette Thomas**
**Sherree Anntoniette Thomas**
Signature of Debtor 1

Executed on   **June 23, 2020**

X **/s/ JASON T. MOSS**
**JASON T. MOSS 7240**
Signature of Attorney for debtor   DCID#

X
Signature of Debtor 2

Executed on

Date   **June 23, 2020**

**By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| IN RE: Sherree Anntoniette Thomas | CASE NO: 20-01332 |
|---|---|
| | CHAPTER 13 |
| | CERTIFICATE OF SERVICE |
| DEBTOR(S) | |

    THE UNDERSIGNED HEREBY CERTIFIES THAT HE/SHE PROPERLY SERVED THE FOREGOING NOTICE OF CONFIRMATION HEARING AND MODIFIED PLAN TO ALL CREDITORS VIA REGULAR MAIL, POSTAGE PREPAID.

William K. Stephenson, Jr
Chapter 13 Trustee
Electronic service only

SEE ATTACHED LIST

DATE 06/24/20                                  /s/ Kayleen McIver
                                                      Moss & Associates, Attorneys, P.A.
                                                      816 Elmwood Avenue
                                                      Columbia, South Carolina 292

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0420-3<br>Case 20-01332-jw<br>District of South Carolina<br>Columbia<br>Tue Jun 23 14:44:15 EDT 2020 | ABILITY RECOVERY SERVICES<br>PO BOX 4031<br>Wyoming PA 18644-0031 | ACE CHECK CASHING<br>6432 TWO NOTCH ROAD, STE K<br>Columbia SC 29223-7451 |
| ALTHEA JONES<br>1200 ST ANDERWS ROAD, APT 209<br>Columbia SC 29210-5862 | AMSHER COLLECTION SERVICES<br>4524 SOUTHLAKE PARKWAY SUITE 15<br>Birmingham AL 35244-3271 | ATTORNEY GENERAL OF UNITED STATES<br>950 PENNSYLVANIA AVE, NW<br>Washington DC 20530-0001 |
| (p)AUTOMONEY INC<br>ATTN ABIGAIL SCUDDER DUFFY<br>450 MEETING ST<br>CHARLESTON SC 29403-5522 | Alliant Capital Management - HDH<br>C/O WEINSTEIN & RILEY, PS<br>2001 WESTERN AVE., STE 400<br>SEATTLE, WA 98121-3132 | Ashley Funding Services, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 |
| BSI FINANCIAL SERVICE<br>1425 GREENWAY DRIVE, STE 400<br>Irving TX 75038-2480 | CHRYSLER CAPITAL<br>PO BOX 660335<br>Dallas TX 75266-0335 | COLUMBIA AUTO CENTER<br>901 LEESBURG ROAD<br>Columbia SC 29209-2129 |
| CRESCENT CONSTRUCTION<br>1416 BLUFF ROAD<br>Columbia SC 29201-4810 | B. Lindsay Crawford III<br>Crawford & Von Keller LLC<br>PO Box 4216<br>Columbia, SC 29240-4216 | Crescent Construction, LLC<br>c/o J. Croom Hunter, Esq.<br>Bruner, Powell, Wall & Mullins, LLC<br>PO Box 61110<br>Columbia, SC 29260-1110 |
| DT CREDIT COMPANY<br>PO BOX 29018<br>Phoenix AZ 85038-9018 | ENHANCED RECOVERY<br>8014 BAYBERRY RD<br>Jacksonville FL 32256-7412 | FIRST FINANCIAL ASSET<br>3091 GOVERNERS LAKE DRIVE<br>SUITE 500<br>Norcross GA 30071-1135 |
| FRANKLIN COLLECTION<br>2978 WEST JACKSON STREET<br>Tupelo MS 38801-6731 | GLOBAL FINANCIAL<br>PO BOX 3699<br>ANDERSON SC 29622-3699 | GOLDENHEAR HOMECARE AND SENIOR SERVICES<br>410 W LIBERTY STREET, STE 201<br>Sumter SC 29150-4865 |
| GOOD LOANS<br>2351 W 3RD STREET<br>Los Angeles CA 90057-1905 | HIDDEN OAK GROUP<br>9859 CLINT MOORE ROAD, SUITE C-11 #217<br>Boca Raton FL 33496 | HIGH SPEED CAPITAL<br>30 BROAD STREET, 14TH FLOOR, STE 1462<br>New York NY 10004-2906 |
| Jason M Hunter<br>Riley Pope and Laney, LLC<br>Post Office Box 11412<br>Columbia, SC 29211-1412 | IC SYSTEMS<br>444 HIGHWAY 96E<br>Saint Paul MN 55127-2557 | INTEGRITY FINANCIAL<br>4370 WEST 109TH STREET<br>Leawood KS 66211-1361 |
| IRS<br>PO BOX 7346<br>Philadelphia PA 19101-7346 | (p)JEFFERSON CAPITAL SYSTEMS LLC<br>PO BOX 7999<br>SAINT CLOUD MN 56302-7999 | KIMBRELLS<br>7545 GARNERS FERRY ROAD<br>Columbia SC 29209-2627 |

LEESBURG CARMART
PO BOX 562
Elgin SC 29045-0562

MARY BRISBON
3905 COLONY CIRCLE
Sumter SC 29153-9349

MR COOPER
8850 CYPRESS WATERS BLVD
Coppell TX 75019-4524

Sean P. Markham
Markham Law Firm, LLC
PO Box 20074
Charleston, SC 29413-0074

Jason T. Moss
Moss & Associates, Attorneys, P.A.
816 Elmwood Avenue
Columbia, SC 29201-2027

NATIONSTAR MORTGAGE
PO BOX 199111
Dallas TX 75219

NAVIENT
PO BOX 9640
Wilkes Barre PA 18773-9640

NCEP
PO BOX 165028
Irving TX 75016-5028

NCEP
PO BOX 4138
Houston TX 77210-4138

NCEP, LLC by AIS Portfolio Services, LP as a
P.O. Box 4138
Houston, TX 77210-4138

NCEP, LLC, c/o AIS Portfolio Services, LP
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

NCO FINANCIAL
PO BOX 15273
Wilmington DE 19850-5273

NEW WORLD MEDIA
1269 NORTHWOOD DALE ROAD
Wood Dale IL 60191-1160

Navient CFC
c/o Navient Solutions, LLC
PO BOX 9640
Wilkes-Barre, PA 18773-9640

Navient Solutions, LLC on behalf of
Ascendium Education Solutions, Inc.
PO BOX 8961
Madison, WI 53708-8961

ONTARIO COUNTY CLERK OF COURT
20 ONTARIO STREET
Canandaigua NY 14424-1802

PLANET HOME LENDING
321 RESEARCH PARKWAY
Meriden CT 06450-8301

PRECILLA CHAVOUS
80 LOMAN ROAD
Sumter SC 29150-9548

PROVIDENCE HOSPITAL
PMB 356
10120 TWO NOTCH RD, STE 2
Columbia SC 29223-4385

RECEIVABLE SOLUTIONS
1325 GARNERS LN
STE C
Columbia SC 29210-8327

RECEIVABLE SOLUTIONS
PO BOX 21808
Columbia SC 29221-1808

RICHLAND COUNTY CLERK OF COURT
1701 MAIN STREET, #205
Columbia SC 29201-2819

RICHLAND COUNTY EMS
5005 SUNSET BLVD
Lexington SC 29072-9154

RICHLAND COUNTY TREASURER
PO BOX 11947
Columbia SC 29211-1947

ROGERS TOWNSEND & THOMAS
PO BOX 100200
Columbia SC 29202-3200

SALLIE MAE
220 LASLEY AVENUE
Wilkes Barre PA 18706-1496

SALLIE MAE
PO BOX 9500
Wilkes Barre PA 18773-9500

SANTANDER CONSUMER USA
PO BOX 165255
Atlanta GA 30348

SC DEPT OF MOTOR VEHICLES
PO BOX 1498
Columbia SC 29216-1498

SC DEPT OF REVENUE
PO BOX 12265
Columbia SC 29211-2265

| | | |
|---|---|---|
| (p)SC DEPARTMENT OF EMPLOYMENT AND WORKFORCE<br>PO BOX 8597<br>COLUMBIA SC 29202-8597 | SOCIAL SECURITY ADMINISTRATION<br>SOUTHEASTERN PROGRAM SERVICE CENTER<br>1200 8TH AVENUE NORTH<br>Birmingham AL 35285-0003 | SOCIAL SECURITY ADMINISTRATION<br>STROM THURMOND FEDERAL BLDG<br>1835 ASSEMBLY STREET<br>Columbia SC 29201-2461 |
| STATE FARM<br>3 STATE FARM PLAZA<br>Bloomington IL 61791-0002 | SUMTER COUNTY CLERK OF COURT<br>141 NORTH MAIN STREET<br>Sumter SC 29150-4965 | SUMTER COUNTY TREASURER<br>PO BOX 1775<br>Sumter SC 29151-1775 |
| SUPERIOR CAPITAL FUND<br>500 GRISWOLD STREET, STE 2320<br>Detroit MI 48226-4486 | William K. Stephenson Jr.<br>PO Box 8477<br>Columbia, SC 29202-8477 | Sherree Anntoniette Thomas<br>7945 Burdell Drive<br>Columbia, SC 29209-4701 |
| US Trustee's Office<br>Strom Thurmond Federal Building<br>1835 Assembly Street<br>Suite 953<br>Columbia, SC 29201-2448 | (p)ASCENDIUM EDUCATION SOLUTIONS INC<br>2501 INTERNATIONAL LANE<br>MADISON WI 53704-3180 | US ATTORNEY'S OFFICE<br>ATTN DOUG BARNETT<br>1441 MAIN ST STE 500<br>Columbia SC 29201-2862 |
| VADIM SEREBRO, ESQ<br>55 BROADWAY, 3RD FLOOR<br>New York NY 10006-3757 | VERIZON WIRELESS<br>PO BOX 650051<br>DALLAS TX 75265-0051 | VIRGINIA WHITE<br>3703 ROCKBRIDGE ROAD<br>Columbia SC 29206-3309 |
| Verizon<br>by American InfoSource as agent<br>PO Box 4457<br>Houston, TX 77210-4457 | Theodore Von Keller<br>Crawford and Von Keller<br>PO Box 4216<br>Columbia, SC 29240-4216 | WELLS FARGO<br>6700 GARNERS FERRY ROAD<br>Columbia SC 29209-1607 |
| WELLS FARGO<br>PO BOX 63491<br>San Francisco CA 94163-0001 | WOODFOREST BANK<br>7520 GARNERS FERRY ROAD<br>Columbia SC 29209-2628 | Wilmington Savings Fund Society, FSB d/b/a C<br>C/O Planet Home Lending, LLC<br>321 Research Parkway, Suite 303<br>Meriden, CT 06450-8342 |
| ZIP CAPITAL<br>6 EXECUTIVE PARK, STE 100<br>Irvine CA 92614 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| AUTO MONEY TITLE LOAN<br>7349 GARNERS FERRY<br>Columbia SC 29209 | (d)AutoMoney, Inc.<br>450 Meeting St.<br>Charleston, SC 29403 | JEFFERSON CAPITAL SYSTEMS<br>PO BOX 7999<br>Saint Cloud MN 56302 |

```
SC EMPLOYMENT  AND WORKFORCE                 UNITED STUDENT AID FUNDS
ATTN: BPC COLLECTIONS, RM 130                PO BOX 8961
PO BOX 2644                                  Madison WI 53708
Columbia SC 29202
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Santander Consumer USA Inc. d/b/a Chrysler    (d)William K. Stephenson Jr.           (u)Wilmington Savings Fund Society, FSB d/b/a
                                                 PO Box 8477
                                                 Columbia, SC 29202-8477


End of Label Matrix
Mailable recipients    81
Bypassed recipients     3
Total                  84
```